IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

CWS WIRELINE, LLC,                )
                                  )
          Plaintiff,              )
                                  )
v.                                ) Case No. CIV-19-541-C
                                  )
EVOLUTION COMPLETIONS, INC.,      )
and ALAN RONESS,                  )
                                  )
          Defendants.             )

# MEMORANDUM OPINION AND ORDER

Plaintiff filed this suit against Defendants in May 2019. Two months later, the parties came to a settlement agreement in principal, and the case was stayed. (See Dkt. Nos. 12, 13.) Soon thereafter, Plaintiff began the process of dissolving as an LLC: It liquidated its assets in July 2019, and filed its Articles of Dissolution in August 2019. (See Dkt. No. 26-1, p. 2.)

But the settlement agreement was never finalized. Indeed, Plaintiff filed an amended complaint in September 2019. (See Dkt. No. 19).[1] Defendants now argue that Plaintiff's dissolution strips this Court of subject matter jurisdiction to hear this case. In their view, because Plaintiff is no longer an LLC, it can no longer participate in this litigation. Plaintiff maintains, though, that under Oklahoma law, it may still participate in this suit as it winds up its business activities.

---

[1] Defendants subsequently sought to have this complaint dismissed under Fed. R. Civ. P. 12(b)(6), but were unsuccessful. (See Dkt. No. 25.)

I. Subject-Matter Jurisdiction Standard

"Subject-matter jurisdiction involves a court's authority to hear a given type of case and may not be waived." Radil v. Sanborn W. Camps, Inc., 384 F.3d 1220, 1224 (10th Cir. 2004) (citations omitted). Subject-matter jurisdiction is to be determined based on the facts that existed at the time the complaint was filed. See Grynberg v. Kinder Morgan Energy Partners, L.P., 805 F.3d 901, 905 (10th Cir. 2015); Grupo Dataflux v. Atlas Global Grp., L.P., 541 U.S. 567, 570-71 (2004). "[B]ecause parties cannot waive subject-matter jurisdiction, they can challenge it 'at any time prior to final judgment.'" City of Albuquerque v. Soto Enters., Inc., 864 F.3d 1089, 1093 (10th Cir. 2017) (quoting Grupo Dataflux, 541 U.S. at 571), (cert. denied., ___ U.S. ___, 138 S. Ct. 983 (2018)). "Where a party attacks the factual basis for subject matter jurisdiction, the court does not presume the truthfulness of factual allegations in the complaint, but may consider evidence to resolve disputed jurisdictional facts." Radil, 384 F.3d at 1224. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

II. Analysis

First, the Court finds that Plaintiff's dissolution does not affect its jurisdiction to hear this case. See In Re Agrawal, Case No. 16–11253–JDL, 2017 WL 4913715 at *7 (Bankr. W.D. Okla. 2017) ("failing to be in good standing with the Secretary of State is a matter of lack of capacity [to sue or be sued] and not jurisdictional . . ."). Moreover, even if Defendants' motion was properly styled—*e.g.*, as an attack on Plaintiff's capacity to sue rather than the Court's jurisdiction—it would still fail. Under Oklahoma law, a "limited

liability company continues in existence after dissolution, *regardless of whether articles of dissolution are filed*, but may carry on only activities necessary to wind up its business or affairs and liquidate its assets under Sections 2039 and 2040 of this title." 18 Okla. Stat. § 2037(B) (emphasis added). And in the process of winding up its affairs, a dissolved LLC may "prosecute and defend suits." 18 Okla. Stat. § 2039(A)(2)(a). The dissolution therefore disturbs neither this Court's jurisdiction nor Plaintiff's capacity to participate in this lawsuit. As a result, when Plaintiff dissolved as an LLC in August 2019, it was still permitted to participate in this litigation—including filing its amended complaint.[2] Defendants' motion will be denied.

For the reasons set forth above, Defendants' Motion to Dismiss (Dkt. No. 26) is DENIED.

IT IS SO ORDERED this 13th day of January, 2020.

ROBIN J. CAUTHRON
United States District Judge

---

[2] Defendants suggest that Plaintiff, once it dissolved, only had 90 days to wrap up its business activities. (Dkt. No. 26, p. 6.) But Oklahoma law does not place any such time limitation on these activities. See 18 Okla. Stat. § 2037(B).